**DISMISS and Opinion Filed November 2, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01184-CV

### IN THE INTEREST OF J.R.J., A CHILD

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 12-285-W**

## MEMORANDUM OPINION

Before Justices Lang, Evans, and Whitehill
Opinion by Justice Lang

In a letter dated October 14, 2015, the Court questioned its jurisdiction over this appeal. Specifically, it appeared the notice of appeal was untimely. We instructed appellant to file a letter brief addressing our concern and gave appellees an opportunity to respond.

On April 30, 2013, the trial court appointed appellees as joint managing conservators of the child and the child's parents as joint possessory conservators. Subsequently, appellant and her late husband, the child's former foster parents, filed a petition seeking to terminate the parental rights of the child's parents and to adopt the child. Following a bench trial, the trial court signed an order on July 17, 2015 denying appellant's petition for termination and adoption. Appellant filed a timely request for findings of fact and conclusions of law and a motion for new trial. She filed her notice of appeal on September 17, 2015.

Appeals in parental termination cases are governed by the rules of appellate procedure for accelerated appeals. *See* Tex. R. App. P. 28.4(a)(1). A parental termination case means a case in

which termination of the parent-child relationship is at issue. *See* TEX. R. APP. P. 28.4(a)(2)(A). In an accelerated appeal, the notice of appeal is due twenty days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1(b). A timely post-judgment motion does not extend the time for perfecting an accelerated appeal. *See* TEX. R. APP. P. 28.1(b). Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

In her jurisdictional brief, appellant argues the accelerated timeline applies when termination of parental rights is the only relief sought. She contends rule 28.4 does not apply to this case because she sought both termination of parental rights and adoption. We disagree. The language of the rule does not limit its application to cases where only termination of the parent-child relationship is at issue.

The trial court's order was signed on July 17, 2015. Accordingly, the notice of appeal was due on August 6, 2015. *See* TEX. R. APP. P. 26.1(b). Appellant filed her notice of appeal on September 17, 2015, forty-two days past the deadline. For this reason, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

151184F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.R.J., A CHILD

No. 05-15-01184-CV

On Appeal from the 304th Judicial District Court, Dallas County, Texas.
Trial Court Cause No. 12-285-W.
Opinion delivered by Justice Lang.
Justices Evans and Whitehill participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees Vickey Thompson and Myron Thompson recover their costs of this appeal from appellant Patricia Ann Turner.

Judgment entered this 2nd day of November, 2015.